UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
QUERETTA MICHELLE SMITH,

              Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-2861

*Appearances:*
*For the Plaintiff*:
EDDY PIERRE PIERRE, ESQ.
PIERRE PIERRE LAW, P.C.
211 East 43rd St., Suite 608
New York, NY 10017

*For the Defendant*:
SETH D. DUCHARME, ESQ.
Acting United States Attorney
Eastern District of New York
By: SEAN P. GREENE, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Queretta Michelle Smith seeks review of the Commissioner of Social Security's decision to deny her application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Smith's motion should be granted, the Commissioner's motion should be denied, and this case should be remanded for further administrative proceedings.

---

[1] Smith moves for relief under 42 U.S.C. 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

## I.

Smith first applied for Social Security Disability benefits on October 24, 2013, claiming a period of disability beginning on January 10, 2013. The Commissioner denied her application almost four months later, and Smith requested a hearing before an administrative law judge ("ALJ"). After two hearings,[2] ALJ Michael Friedman ("the ALJ") affirmed the Commissioner's denial on October 13, 2016.

On July 27, 2017, Smith filed a second application for disability benefits. The Commissioner granted this application, finding that Smith was entitled to benefits from October 14, 2016 onward. The Appeals Council affirmed the Commissioner's grant of benefits but ordered a remand for the limited purpose of determining whether Smith had also been under a disability between January 10, 2013 and October 13, 2016.

On April 2, 2018, the ALJ held a third hearing, at which Smith appeared with counsel. After this hearing, the ALJ issued a written decision reaffirming his initial finding that Smith was not disabled between January of 2013 and October of 2016 because she could perform light work in that period. Smith again appealed the ALJ's decision, but the Appeals Council denied review. This action followed.

## II.

---

[2] ALJ Marilyn Hoppenfield presided over the first hearing, which was held on January 8, 2016. ALJ Michael Friedman presided over the second hearing, which was held on August 5, 2016.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### III.

As a preliminary matter, the Court reviews only the Commissioner's finding that Smith was medically able to work in the period from January 10, 2013 to October 13, 2016. The Commissioner's "final decision" on this issue appears in the ALJ's April 18, 2018 opinion, which concludes that Smith was not disabled in that period because she could perform light work, provided she stood no more than 6 hours in a workday and had only occasional contact with supervisors. AR 24; *see also Sims v. Apfel*, 503 U.S. 103, 107 (2000) ("[If] the [Appeals] Council denies the request for review, the ALJ's decision becomes the final decision"). Because the April 18, 2018 opinion misapplies the treating physician rule, this case must be remanded.

The treating physician rule states that the opinion of a treating physician should be "given more weight than other reports and . . . will be controlling if it is 'well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the] record.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)

3

(quoting 20 C.F.R. § 404.1527(c)(2)). When deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90, 95-6 (2d Cir. 2019).

Under *Estrella*, the ALJ first determines whether a treating physician's opinion is sufficiently "well supported" to be entitled to controlling weight. *See id.* at 95 (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). Then, if no opinion is entitled to such weight, the ALJ "explicitly [considers] four nonexclusive *Burgess* factors: (1) the frequen[cy], length, nature and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the [treating] physician is a specialist." *Id.* at 95-6 (internal quotations and citations omitted). Failure to "explicitly consider" these factors is procedural error. *Id.* at 96 (citing *Selian*, 708 F.3d at 419-20).

## IV.

Here, the ALJ's implicit conclusion that no physician's opinion merited "controlling weight' was supported by "substantial evidence." *See, e.g.*, AR 28, 34, 36-39 (assigning "no," "little," "significant" and "great" weight to medical opinions and weighing opinions against each other). As the Court reads it, the physician testimony paints a picture of conflict, most notably on the question of whether Smith's neurological symptoms are the result of seizures or a somatoform disorder.[3] *Compare*

---

[3] Somatoform disorders are psychosomatic ailments "characterized by an extreme focus on physical symptoms—such as pain or fatigue—that [cause] major emotional distress and problems functioning." *The Mayo Clinic*, "Somatic Symptom Disorder,"

4

AR 1378-82, 1570-74, 1575-79 (documenting seizure/stroke and epilepsy diagnoses of treating doctors Winyard, Khawja and Tansy) *with* AR 275, 1240-1247, 1252, 1287 1359 (documenting opinion of medical expert Pollack and treating doctors Naing and Sclar that Smith's neurological symptoms are psychosomatic or the result of "poor motivation"). The ALJ was therefore within his rights to weigh the opinions of various physicians against each other rather than defer entirely to one doctor or another. *See generally Estrella*, 537 F.3d at 96 (upholding ALJ's decision not to assign controlling weight to treating physician opinion in tension with other evidence).

Nonetheless, the ALJ failed to properly and "explicitly" consider the four factors laid out in *Estrella* when he assigned weight to various opinions. For instance, although Dr. Khawja treated Smith every two months for more than a year, the ALJ gave "no weight" to her opinions that "the claimant has severe memory and speech difficulties due to two [cerebrovascular accidents]" and was "rarely/never able to grasp, twist, or turn objects." AR 36-7, 1570. This choice is not necessarily inconsistent with the ALJ's duty to consider the *Burgess* factors. On the contrary, the ALJ properly addressed "the consistency of [Dr. Khawja's] opinion with the remaining medical evidence" and acknowledged that her specialty (internal medicine) was "appropriate." AR 36; *Estrella*, 925 F.3d at 95-6. However, the ALJ's analysis

---

https://www.mayoclinic.org/diseases-conditions/somatic-symptom-disorder/symptoms-causes/syc-20377776 (last visited October 17, 2020).

did not explicitly address the first *Burgess* factor: the "frequency, length, nature and extent" of Dr. Khawja's treatment of Smith. *See* AR 36-7; *Estrella*, 925 F.3d at 95. This was error.

The ALJ's failure to include explicit findings on this factor is especially troubling given the "heightened importance" it assumes in cases involving psychiatric diagnoses, like somatoform disorder. *Estrella*, 925 F.3d at 97 (citing *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) for the proposition that "[cycles] of improvement and debilitating symptoms of [mental illness] are a common occurrence"); *see also Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008) ("A person who has a chronic disease, whether physical or psychiatric. . .is likely to have better and worse days"). Indeed, the ALJ's own medical expert, Dr. Pollack, testified that a diagnosis of somatoform disorder would not be made after "a single. . . evaluation" and is "something that you generally come to after seeing someone over time." AR 269; *see also* AR 34 (assigning "great weight" to Dr. Pollack's testimony). The Court therefore finds that this case should be remanded to allow the ALJ to explicitly address the first *Burgess* factor—the "frequen[cy], length, nature and extent" of Dr. Khawja and the other physicians' treatment of Smith—and decide whether this factor alters his assessment of the nature and severity of Smith's impairments.

## V.

The ALJ also erred by failing to further develop the record before rejecting the assessments of Dr. Khawja and the other treating physicians who believe Smith's

6

deficits are neurological. The Second Circuit has held that "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1998). Ordinarily, this means that "if the clinical findings [are] inadequate [to support a treating physician's diagnosis], it [is] the ALJ's duty to seek clarification from [the treating physician] *sua sponte*." *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). Here, there is no evidence that the ALJ spoke to the treating physicians to clarify or seek additional information about their diagnoses before rejecting them. He therefore breached his legal duty.

## CONCLUSION

For the foregoing reasons, Smith's motion is GRANTED, and the Commissioner's motion is DENIED.

Because it is possible that the ALJ would have found Smith disabled had he properly considered the opinions of Dr. Khawja and the other treating physicians, remand is appropriate. *Cf. Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that remand was not required where there was "no reasonable likelihood that [the ALJ's] consideration of [a] doctor's report would have changed the ALJ's determination that [the] Petitioner was not disabled"); *see also Callahan*, 168 F.3d at 83 (deeming remand for further proceedings appropriate unless "there is no apparent basis to conclude that a more complete record might support the Commissioner's

7

decision"). Accordingly, the case is REMANDED for further administrative proceedings consistent with this order.

      **SO ORDERED.**

                                             /S/ Frederic Block
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
October 19, 2020